IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, and<br>OKLAHOMA WESLEYAN UNIVERSITY,<br><br>      Plaintiffs,<br><br>      v.<br><br>CATHERINE E. LHAMON, in her official capacity as Assistant Secretary for Civil Rights, United States Department of Education, *et al.*,<br><br>      Defendants. | Case No. 1:16-cv-01158 (RC) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
SUSPEND BRIEFING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The jurisdictional questions raised by Defendants are straightforward. *See* ECF No. 21. So are the answers to them. This Court should deny Defendants' efforts to slow down this case—which is about pure issues of law—and tangle it up in lengthy, expensive, and unnecessary fact discovery. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, *speedy*, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1 (emphasis added). As a result, courts often allow parties to brief motions to dismiss and motions for summary judgment concurrently, including when the government has moved to dismiss on jurisdictional grounds. *See, e.g.*, *Baptist Mem'l Hosp. v. Johnson*, 603 F. Supp. 2d 40, 41–42 (D.D.C. 2009), *aff'd sub nom. Baptist Mem'l Hosp. v. Sebelius*, 603 F.3d 57 (D.C. Cir. 2010) (granting "defendant's motion to dismiss for lack of jurisdiction," denying "plaintiff's motion for discovery" in response to the motion to dismiss, and denying as moot "plaintiff's motion for summary judgment" after allowing it to be fully briefed while the motion to dismiss was

pending); *Massengale v. United States*, No. 1:05-cv-2275-RJL, 2006 WL 3220333, at *1 (D.D.C. Nov. 6, 2006) (granting defendants' motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and denying as moot plaintiff's motion for summary judgment, which the parties briefed while the motion to dismiss was pending); *Solomon-Lane v. D.C. Government*, No. 1:99-cv-2404-RWR, 2005 WL 736533 at *1 (D.D.C. Sept. 10, 1999) (denying defendant's motion to dismiss under Rule 12(b)(1) and granting plaintiff's motion for summary judgment, which had been briefed while the motion to dismiss was pending).  In fact, in a case relied on heavily by Defendants themselves in their motion to dismiss, this Court did just that, even after the defendants there requested the same relief Defendants seek here.  *See Delta Airlines, Inc. v. Export-Import Bank of the U.S.*, No. 1:13-cv-00192-RC, ECF No. 39 at 1 (D.D.C. Jan. 29, 2014) (denying motion to stay briefing on plaintiff's motion for summary judgment until resolution of defendants' 12(b)(1) motion); *cf.* ECF No. 19-1 at 16, 17, 27, 28, 29, 33, 34, 35, 37 (relying on *Delta Airlines*).

      Defendants offer this Court no reason to depart from that path.  They lead with the fact that Plaintiffs filed "a 50-page brief" with "well over 500 pages of ancillary papers" including "no fewer than 29 exhibits."  ECF No. 23 at 1.  But Plaintiffs' summary judgment motion in fact is 44 pages (one page less than what's allowed under the local rules), *see* Local Rule 7(e), and more than half of its exhibits are *OCR's own publications*, with which Defendants are already intimately familiar.  *See* ECF Nos. 25-1, 25-2, and 25-12 through 25-26.  That is hardly a large record for summary judgment purposes.  Moreover, Defendants, as part of the scheduling order they jointly proposed to this Court, secured 45 days to respond to that motion and to reply in support of their motion to dismiss, far more than the 14 days allotted for responses and the seven

days allotted for replies.  *See* Local Rules 7(b) and (d).[1]  Nothing about Plaintiffs' summary judgment filing merits a stay of further briefing.

Defendants' primary argument to stay summary judgment briefing is that resolving its 12(b)(1) motion might obviate such briefing and thus conserve the government's resources.  ECF No. 23 at 4-5.  But if that were enough to merit a stay, courts would routinely suspend briefing on subsequent motions whenever party moved to dismiss, whether on jurisdictional grounds or other grounds, and plainly they do not.  *See Delta Airlines, Inc.,* No. 1:13-cv-00192-RC, ECF No. 39 at 1; *Baptist Mem'l Hosp. v. Johnson*, 603 F. Supp. 2d at 41–42; *Massengale*, 2006 WL 3220333, at *1; *Solomon-Lane*, 2005 WL 736533 at *1.  That same logic would likewise militate against letting *the government itself* file summary judgment motions while its own motions to dismiss are pending, but, that, too, is something the government frequently does.  *See, e.g.*, *Banner Health v. Burwell,* 126 F. Supp. 3d 28, 36–37 (D.D.C. 2015) ("Presently before the Court are Defendant's [126] Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment, Plaintiffs' [127/142] Motion for Summary Judgment, and Plaintiffs' [128] Motion (Related to Their Motion For Summary Judgment)"); *Toxco, Inc. v. Chu*, 801 F. Supp. 2d 1, 3 (D.D.C. 2011) ("The defendants move to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that the court lacks jurisdiction because the plaintiff's claims are moot.  In the alternative, the defendants move for summary judgment under Rule 56" on the substance of the underlying claims.); *Khalid v. U.S. Citizenship & Immigration Servs.*, No. 1:09-CV-96 FJS, 2011 WL 4003204, at *1 (D.D.C. Aug. 31, 2011) ("On July 23, 2009, Defendants filed a motion to dismiss the complaint against the individual Defendants on the ground that the

---

[1] The parties negotiated no such briefing schedule in *Furniture Brands Int'l v. U.S Int'l Trad Comm.*, No. 1:11-cv-202, 2011 WL 10959877 (D.D.C. April 8, 2011), the only case relied on by Defendants.  *See* ECF No. 23 at 4-5.

3

Court lacked subject matter jurisdiction to hear FOIA claims against federal officers. *See* Dkt. No. 7. In addition, Defendants moved for summary judgment on" the merits of the underlying claims.). Plaintiffs are doing nothing more than asking for the same efficiency that the government often requests when the issues are this clear and this ripe for decision.

Moreover, continuing with summary-judgment briefing will almost certainly be more efficient than the government's proposed alternative, which is to bog this case down in unnecessary discovery. Ruling on summary judgment could avoid the expensive and time-consuming jurisdictional discovery Defendants suggest they might seek. *See* ECF No. 23-1. The summary judgment motion and its accompanying declarations provide competent evidence that readily establishes Plaintiffs' standing to bring this matter. *See* ECF Nos. 22-3 and 22-4. Should this Court conclude that Plaintiffs' summary judgment motion has merit, there would be no need for any type of discovery, and it is almost certain that the resources involved in conducting discovery would dwarf the resources needed to draft a mere response to Plaintiffs' summary judgment motion. Should the Court conclude, on the other hand, that the summary judgment motion lacks merit, or that questions about jurisdiction exist, it could then allow any jurisdictional discovery to proceed in conjunction with any merits discovery, thus streamlining the discovery process.[2]

Moreover, even if early jurisdictional discovery were clearly the more efficient route, Defendants have offered no good explanation why they need the jurisdictional discovery they might seek. They justify their contemplated discovery only "in somewhat general terms in order to avoid disclosing the particular theories and lines of inquiry that Defendants might pursue."

---

[2] It is also significant, from an efficiency perspective, that there is overlap between the issues raised in Plaintiffs' opposition to the 12(b)(1) motion and the arguments Plaintiffs' make in their summary judgment motion. *See* ECF No. 21 at 31 n.10 (relying on ECF No. 22-1 at 7-9, 14-31).

4

ECF No. 23 at 8.  But that is a risk any party runs when it seeks discovery, and Plaintiffs should not be granted jurisdictional discovery—let alone in a manner that suspends all other progress this case—on a "trust us" basis.

Defendants' desired discovery, in any event, would not advance the jurisdictional inquiry. Defendants claim they will seek discovery on the harms John Doe has suffered and how UVA might remedy those harms, *see* ECF No. 23 at 9, but it is undisputed that Mr. Doe has been banned from UVA property and that his reputation has been harmed, *see* ECF No. 22-3 ¶ 30. Invalidating the preponderance mandate would redress both harms under well-settled legal principles, as Plaintiffs have explained.  *See* ECF No. 21-1 at 10-22.

As to OKWU, Defendants seek discovery on the extent of the university's Title IX enforcement regime and the bases of its potential objections to other parts of that regime.  But none of that is relevant to whether OCR has ordered OKWU to adopt the preponderance mandate under threat of losing its federal funding.  *See* ECF No. 22-1 at 22-40.  Defendants further maintain they would seek discovery into whether "using a preponderance of the evidence standard would be inconsistent with OKWU's religious tenets for purposes of Title IX's religious exemption," *see* ECF No. 23 at 9.  This suggests that Defendants might artificially attempt to moot OKWU's claims by exempting them from the preponderance mandate on purportedly religious grounds.  But OKWU has not claimed that the mandate directly violates a core tenet of its faith or raised a Free Exercise claim; rather.  *See* ECF No. 22-4 ¶ 9.  What matters for purposes of OKWU's standing is simply this: OCR has required it to adopt the preponderance mandate; it does not want to do that; and it believes that OCR acted illegally.

Defendants also state they would seek discovery on how OKWU came to be a plaintiff in this suit, but that, too, is irrelevant to the standing analysis.  Nothing about how OKWU came to

join this suit could change whether OCR has unlawfully ordered OKWU to adopt the preponderance mandate or alter the fitness of any issue for judicial resolution. Defendants maintain that it is "relevant to the hardship of postponing judicial review," *see* ECF No. 23 at 9, but that prong of analysis is reached only when an issue is not fit for judicial review, *see* ECF No. 21 at 37. The more efficient route would therefore be to consider the summary judgment motion to determine whether there is sufficient evidence of the fitness of the issues for review, and then order discovery only if this Court has questions about that. Plaintiffs, in any event, have explained the hardships OKWU will suffer by delayed resolution of its claims, *id.* at 37-40, and they turn in no way on how OKWU came to learn of, and participate in, this suit.

Defendants' final argument in favor of a stay is that their motion to dismiss has already narrowed the issues under consideration on summary judgment, and resolving the motion to dismiss might do so even more. ECF No. 23 at 5-6 (claiming that Plaintiffs have abandoned a challenged to the cross-examination provisions of the 2011 DCL). Defendants are simply wrong about that. Plaintiffs never sought, in either the original complaint or the Amended Complaint, to have the cross-examination provision of the 2011 DCL invalidated. Its relevance, rather, is explained in Plaintiff's Motion for Summary Judgment. The cross-examination ban illustrates that one of OCR's main justifications for the preponderance mandate—that preponderance is the burden of proof used in civil rights cases—is not the product of reasoned decision making, because that same reason would require it to mandate a cross-examination requirement in school proceedings, instead of "strongly oppos[ing]" it. *See* ECF No. 22-1 at 5-6, 39-40, 43. Defendants also posit that resolving their motion might eliminate one or more of Plaintiffs' causes of action, *see* ECF No. 23 at 6, but it is difficult to understand how Defendants' motion could lead to that

result, and Defendants altogether fail to explain it.  They should not be permitted to do so for the first time in a reply supporting the present motion.

Defendants offer no compelling reason to delay resolution of Plaintiffs' motion for summary judgment and tie this case up in discovery.  The issues of law before the court are clear and straightforward.  Defendants have jointly negotiated a generous briefing schedule that was designed to give them ample to time to reply in support of their motion to dismiss and respond to the summary judgment motion that Plaintiffs told Defendants they would be filing.  Plaintiffs respectfully request that Defendants' motion to suspend further briefing on their summary judgment motion be denied.

Respectfully submitted,

\_\_\_\_/s/_____
Justin Dillon (DC Bar No. 502322)
Christopher C. Muha (DC Bar No. 987116)
KAISERDILLON PLLC
1401 K Street NW, Suite 600
Washington, D.C. 20005
T: (202) 640-2850
F: (202) 280-1034
jdillon@kaiserdillon.com
cmuha@kaiserdillon.com

*Attorneys for Plaintiffs*