UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE and <br> OKLAHOMA WESLEYAN UNIVERSITY, <br><br> Plaintiffs, <br><br> v. <br><br> CANDICE JACKSON, in her official capacity as Acting Assistant Secretary for Civil Rights, United States Department of Education, *et al.* <br><br> Defendants. | No. 1:16-cv-01158 (RC) |

**DEFENDANTS' UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Defendants[1] respectfully request that the Court hold this action in abeyance for 90 days because the Department of Education's Office for Civil Rights is reviewing the 2011 Dear Colleague Letter that is challenged in this litigation.

In support of this Motion, Defendants state as follows:

1.  A trial court has broad discretion to hold a case in abeyance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Id.* at 254.

2.  "[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). This decision "calls for the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Assistant Secretary for Civil Rights Candice Jackson is substituted for Deputy Assistant Secretary for Enforcement Sandra Battle, who previously was delegated the duties of Assistant Secretary for Civil Rights.

district court, in 'the exercise of judgment,' to 'weigh competing interests and maintain an even balance' between the court's interest in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254-55).

3. On June 16, 2016, Plaintiff John Doe filed the original Complaint in this action. *See* ECF No. 1.

4. On August 15, 2016, an Amended Complaint was filed, which added Oklahoma Wesleyan University as a Plaintiff.  *See* ECF No. 16.

5. On September 1, 2016, Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See* ECF No. 19.

6. On November 1, 2016, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss.  *See* ECF No. 21.

7. On December 16, 2016, Defendants filed a Reply in support of their Motion to Dismiss the Amended Complaint.  *See* ECF No. 28.

8. On the same day that Plaintiffs filed their Opposition to Defendants' Motion to Dismiss, Plaintiffs also filed a Motion for Summary Judgment.  *See* ECF No. 22.

9. On November 4, 2016, Defendants filed a Motion to Suspend Briefing on Plaintiffs' Motion for Summary Judgment.  *See* ECF No. 23.  Plaintiffs opposed Defendants' Motion to Suspend Briefing on Plaintiffs' Motion for Summary Judgment, ECF No. 24, but subsequently did not oppose Defendants' Motion for Extension of Time to File Response to Plaintiffs' Motion for Summary Judgment, ECF No. 26.  The Court granted the latter Motion, ruling that if the Court enters an order denying Defendants' Motion to Suspend Briefing on

Plaintiffs' Motion for Summary Judgment, Defendants shall respond to Plaintiffs' Motion for Summary Judgment within 30 days after entry of such order.  *See* ECF No. 27.

10. The Court has not ruled on Defendants' Motion to Suspend Briefing on Plaintiffs' Motion for Summary Judgment, so Defendants have not responded to Plaintiffs' Motion for Summary Judgment.

11. Defendants' Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction is fully briefed.

12. Although Defendants recognize that "the court must dismiss the action" "[i]f the court determines at any time that it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3), and Defendants adhere to the arguments set forth in their Motion to Dismiss, the Court has not yet ruled on Defendants' Motion.

13. On January 20, 2017, Donald J. Trump became President of the United States.

14. In light of the change in administrations, the Department of Education's Office for Civil Rights is reviewing the 2011 Dear Colleague Letter challenged in this case.  As a step in this ongoing review, Secretary of Education DeVos convened stakeholders, including students, families, and educational institutions, on July 13 to discuss the Department's Title IX policies.  Defendants, including the Secretary, have been engaged in ongoing discussions with students, parents, educational institutions, advocacy groups, and experts to learn about their experiences and to hear their views of how the Department can best fulfill its obligations under Title IX.

15. Accordingly, if the Court determines that holding this action in abeyance while Defendants are reviewing the 2011 Dear Colleague Letter will promote judicial economy, Defendants respectfully request that the Court grant this Motion and hold the action in abeyance

for 90 days while the Department of Education's Office for Civil Rights reviews the 2011 Dear Colleague Letter that is challenged in this litigation.  Pursuant to Local Civil Rule 7(m), the undersigned has consulted with counsel for Plaintiffs, who indicates that Plaintiffs do not oppose this motion.

16. If the Court issues an order holding the action in abeyance, Defendants will file a status report at the end of the 90-day period.

A proposed Order is attached.

DATED:	August 11, 2017	Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

JENNIFER D. RICKETTS
Director
Federal Programs Branch

CARLOTTA P. WELLS
Assistant Director
Federal Programs Branch

 /s/  Matthew J. Berns
MATTHEW J. BERNS
Trial Attorney (D.C. Bar No. 998094)
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone:  (202) 616-8016
Email:  matthew.j.berns@usdoj.gov

*Counsel for Defendants*