

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

September 22, 2017

Dear Colleague:

The purpose of this letter is to inform you that the Department of Education is withdrawing the statements of policy and guidance reflected in the following documents:

- Dear Colleague Letter on Sexual Violence, issued by the Office for Civil Rights at the U.S. Department of Education, dated April 4, 2011.

- Questions and Answers on Title IX and Sexual Violence, issued by the Office for Civil Rights at the U.S. Department of Education, dated April 29, 2014.

These guidance documents interpreted Title IX to impose new mandates related to the procedures by which educational institutions investigate, adjudicate, and resolve allegations of student-on-student sexual misconduct.  The 2011 Dear Colleague Letter required schools to adopt a minimal standard of proof—the preponderance-of-the-evidence standard—in administering student discipline, even though many schools had traditionally employed a higher clear-and-convincing-evidence standard.  The Letter insisted that schools with an appeals process allow complainants to appeal not-guilty findings, even though many schools had previously followed procedures reserving appeal for accused students.  The Letter discouraged cross-examination by the parties, suggesting that to recognize a right to such cross-examination might violate Title IX.  The Letter forbade schools from relying on investigations of criminal conduct by law-enforcement authorities to resolve Title IX complaints, forcing schools to establish policing and judicial systems while at the same time directing schools to resolve complaints on an expedited basis.  The Letter provided that any due-process protections afforded to accused students should not "unnecessarily delay" resolving the charges against them.

Legal commentators have criticized the 2011 Letter and the 2014 Questions and Answers for placing "improper pressure upon universities to adopt procedures that do not afford fundamental fairness."[1]  As a result, many schools have established procedures for resolving allegations that "lack the most basic elements of fairness and due process, are overwhelmingly stacked against the accused, and are in no way required by Title IX law or regulation."[2]

The 2011 and 2014 guidance documents may have been well-intentioned, but those documents have

---

[1] Open Letter from Members of the Penn Law School Faculty, *Sexual Assault Complaints: Protecting Complainants and the Accused Students at Universities*, WALL ST. J. ONLINE (Feb. 18, 2015), http://online.wsj.com/public/resources/documents/2015_0218_upenn.pdf (statement of 16 members of the University of Pennsylvania Law School faculty).

[2] *Rethink Harvard's Sexual Harassment Policy*, BOSTON GLOBE (Oct. 15, 2014) (statement of 28 members of the Harvard Law School faculty); *see also* ABA CRIMINAL JUSTICE SECTION TASK FORCE ON COLLEGE DUE PROCESS RIGHTS AND VICTIM PROTECTIONS, RECOMMENDATIONS FOR COLLEGES AND UNIVERSITIES IN RESOLVING ALLEGATIONS OF CAMPUS SEXUAL MISCONDUCT (2017); AMERICAN COLLEGE OF TRIAL LAWYERS, TASK FORCE ON THE RESPONSE OF UNIVERSITIES AND COLLEGES TO ALLEGATIONS OF SEXUAL VIOLENCE, WHITE PAPER ON CAMPUS SEXUAL ASSAULT INVESTIGATIONS (2017).

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-1100
www.ed.gov

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

led to the deprivation of rights for many students—both accused students denied fair process and victims denied an adequate resolution of their complaints. The guidance has not succeeded in providing clarity for educational institutions or in leading institutions to guarantee educational opportunities on the equal basis that Title IX requires. Instead, schools face a confusing and counterproductive set of regulatory mandates, and the objective of regulatory compliance has displaced Title IX's goal of educational equity.

The Department imposed these regulatory burdens without affording notice and the opportunity for public comment. Under these circumstances, the Department has decided to withdraw the above-referenced guidance documents in order to develop an approach to student sexual misconduct that responds to the concerns of stakeholders and that aligns with the purpose of Title IX to achieve fair access to educational benefits. The Department intends to implement such a policy through a rulemaking process that responds to public comment. The Department will not rely on the withdrawn documents in its enforcement of Title IX.

The Department refers you to the *Q&A on Campus Sexual Misconduct*, issued contemporaneously with this letter, and will continue to rely on its *Revised Sexual Harassment Guidance*, which was informed by a notice-and-comment process and issued in 2001,[3] as well as the reaffirmation of that *Guidance* in the Dear Colleague Letter on Sexual Harassment issued January 25, 2006.[4] As always, the Department's enforcement efforts proceed from Title IX itself[5] and its implementing regulations.[6]

In the forty-five years since the passage of Title IX, we have seen remarkable progress toward an educational environment free of sex discrimination. That progress resulted in large part from the vigorous enforcement of Title IX by the Office for Civil Rights at the Department of Education. The Department remains committed to enforcing these critical protections and intends to do so consistent with its mission under Title IX to protect fair and equitable access to education.

The Department has determined that this letter is a significant guidance document under the Final Bulletin for Agency Good Guidance Practices of the Office of Management and Budget, 72 Fed. Reg. 3432 (Jan. 25, 2007). This letter does not add requirements to applicable law.[7]

Sincerely,

/s/
Candice Jackson
Acting Assistant Secretary for Civil Rights
U.S. Department of Education

---

[3] The *Revised Sexual Harassment Guidance* is available at https://www2.ed.gov/about/offices/list/ocr/docs/shguide.html.
[4] The 2006 Dear Colleague Letter is available at https://www2.ed.gov/about/offices/list/ocr/letters/sexhar-2006.html.
[5] 20 U.S.C. §§ 1681-88.
[6] 34 C.F.R. § 106.1 *et seq.*; *see also* 34 C.F.R. § 668.46(k) (implementing requirements of the Violence Against Women Act).
[7] If you have questions or are interested in commenting on this letter, please contact the Department of Education at ocr@ed.gov or 800-421-3481 (TDD: 800-877-8339).